IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JUAN DASHA PATTERSON,

    Petitioner,

v.                                                 Case No. 5:16-cv-12560

D. L. YOUNG, Warden,
FCI Beckley,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Plaintiff's *pro se* petition filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the complaint be **DISMISSED**, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1., and this action be removed from the docket of the Court.

I.    **Relevant History**

On December 27, 2016, Petitioner filed an application under 28 U.S.C. § 2241 for a writ of habeas corpus by a person in federal custody. (ECF No. 1). That same day, the Clerk of Court sent Petitioner a Notice of Failure to Remit Filing Fee, explaining

1

that a filing fee of $5.00 should have been submitted with the petition and asking for payment within ten days. (ECF No. 4). The Clerk further explained that if Petitioner could not afford the filing fee, he could submit an Application to Proceed Without Prepayment of Fees and Costs. (*Id.*). For Petitioner's convenience, an Application was enclosed with the Notice.

On December 28, 2016, the case was assigned to the undersigned United States Magistrate Judge, and on January 13, 2017, the undersigned issued an Order requiring Petitioner to either pay the filing fee or submit the Application to proceed *in forma pauperis*. (ECF No. 6). Petitioner responded to the Order on February 1, 2017, with a letter indicating that he had requested the Federal Bureau of Prisons to withdraw $5.00 from his inmate account and forward it to the Clerk of Court. (ECF No. 7). Petitioner attached as proof a withdrawal request form and a report showing that $5.00 was withdrawn for the filing fee and was sent to the address of FCI Beckley in Beaver, West Virginia. (*Id.*). The Clerk of Court wrote to Petitioner advising him that the Court had not received the filing fee. (ECF No. 8).

After giving Petitioner three months to resolve the discrepancy with FCI Beckley and pay the fee, the undersigned issued an Order to Show Cause, explaining the history and notifying Petitioner that the filing fee still had not been received. (ECF No. 9). In the Order, Petitioner was advised that the filing fee was his obligation. He was told to contact the correctional facility and verify that his request for payment of the filing fee had been fulfilled. Petitioner was told there would be no activity on the petition until the fee was paid, and the failure to pay the fee within forty-five days would result in a recommendation of dismissal on the grounds of failure to prosecute and failure to obey a court order. (*Id.*). According to the docket, Petitioner received a copy of the Order to

Show Cause; however, four months have now passed without payment of the filing fee and without further communication from Petitioner.

## II. Discussion

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the United States Supreme Court explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Similarly, under this Court's Local Rule of Civil Procedure 41.1, when it appears that a party has no interest in further prosecution of his civil action:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. [1]

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the

---

[1] Fed.R.Civ.P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." L.R.Civ.P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

3

part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case no. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors in turn, the undersigned concludes that dismissal is warranted. A review of the docket demonstrates that Petitioner received one notice and two orders alerting him to his obligation to pay the filing fee or submit a completed Application to Proceed Without Prepayment of Fees and Costs. Petitioner was further advised that his failure to fulfill that obligation would likely result in dismissal of his petition. Notwithstanding these orders, Petitioner never paid the filing fee or submitted a fully completed application. Petitioner indicated in a letter that he had requested a withdrawal of $5.00 from his inmate account to pay the fee, and provided paperwork to corroborate his statement. Nonetheless, Petitioner was told by both the Clerk of Court and the Court that his payment was not received. Petitioner was given more than ample time to investigate and correct any misunderstanding with the correctional institution over the payment, but he obviously failed to do so. These failures add up to a case history of Petitioner proceeding in a deliberately dilatory fashion. Petitioner's case has been pending on the court's docket for nine months and he has been given eight months to comply with the Court's directive, yet Petitioner has not complied. Thus, Petitioner is entirely responsible for the delay in prosecution. As a

rule, a delay in prosecution causes some measure of prejudice to the defendant, although in this proceeding, the prejudice is admittedly minimal. However, as Petitioner has entirely disregarded court orders, has made no effort to pursue his petition, and has failed to follow up with the Court in more than seven months, a sanction less severe than dismissal plainly will not be effective. *See Ballard,* 882 F.2d at 95-96.

Although a dismissal is warranted, the undersigned **FINDS** that dismissing the petition with prejudice would be an unnecessarily severe sanction. Fed. R. Civ. P. 41(b) provides that a dismissal for failure to prosecute "operates as an adjudication on the merits" unless the dismissal order states otherwise. Given that the petition concerns a drug rehabilitation program offered at FCI Beckley, and Petitioner's sentence will not be discharged until May 28, 2018 (*see* www.bop.gov/inmateloc/) the undersigned concludes that a dismissal, without prejudice, would be most appropriate.

In any event, the undersigned notes from the allegations contained in the petition that Petitioner does not assert grounds cognizable under 28 U.S.C. § 2241. (ECF No. 1). Instead, Petitioner complains about the conditions of his confinement; specifically, he claims that he has been retaliated and discriminated against, harassed, demeaned, and subjected to cruel and unusual punishment for criticizing the management of the R-DAP program at FCI Beckley. (*Id.*). Complaints alleging constitutional violations in the conditions of confinement at a federal correctional institution must be brought in a civil rights complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), not in a petition for a writ of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (reaffirming that a civil rights action "is a proper remedy for a [] prisoner who is making

a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."). Accordingly, if Petitioner wishes to pursue his claim, he should file a civil rights complaint and pay the associated filing fee. The filing fee for a *Bivens* action is $350 for inmates who qualify for *in forma pauperis* status and $400 for those that do not qualify.

### III. Proposal and Recommendation

For the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the complaint be **DISMISSED**, without prejudice, and this matter be removed from the docket of the Court.

Petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies

of such objections shall be provided to Judge Berger and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner.

**DATED**:  September 27, 2017

Cheryl A. Eifert
United States Magistrate Judge